C. Mark Kittredge (#013907)
MKittredge@perkinscoie.com
K. Reed Willis (#028060)
RWillis@perkinscoie.com
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
DocketPHX@perkinscoie.com

William W. Adolfsen (*admitted pro hac vice*)
WAdolfsen@perkinscoie.com
PERKINS COIE LLP
One East Main Street, Suite 201
Madison, Wisconsin  53703
Telephone:  608.663.7460
Facsimile:  608.663.7499

Attorneys for Plaintiff The Arizona Board of Regents

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| The Arizona Board of Regents for and on behalf of Arizona State University,<br><br>     Plaintiff,<br><br>  v.<br><br>Seattle Genetics, Inc.,<br><br>     Defendant.<br><br>Seattle Genetics, Inc., a Delaware corporation,<br><br>     Counterclaimant,<br><br>  v.<br><br>The Arizona Board of Regents for and on behalf of Arizona State University,<br><br>     Counterdefendant. | No. CV-14-00653-PHX-NVW<br><br>**ARIZONA STATE UNIVERSITY'S ANSWER TO SEATTLE GENETICS, INC.'S COUNTERCLAIMS** |

Plaintiff and Counterdefendant The Arizona Board of Regents for and on behalf of Arizona State University (collectively "ASU") answers the Counterclaim of Defendant and Counterclaimant, Seattle Genetics, Inc. ("SeaGen"), as follows:

**PARTIES**

1. Upon information and belief, admitted.

2. Admitted.

**JURISDICTION AND VENUE**

3. This statement is a legal conclusion to which no response is required. To the extent that a response is required, ASU admits the Counterclaim purports to arise under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the laws of Arizona.

4. This statement is a legal conclusion to which no response is required. To the extent that a response is required, ASU does not contest that the Court has personal jurisdiction over ASU or that it waived its sovereign immunity for purposes of the suit as filed, *The Arizona Board of Regents for and on behalf of Arizona State University v. Seattle Genetics, Inc.*, Civil Action No. CV-14-00653-PHX-NVW.

5. This statement of jurisdiction is a legal conclusion to which no response is required.

6. This statement of jurisdiction is a legal conclusion to which no response is required.

7. Admitted.

**FACTUAL BACKGROUND**

8. ASU admits that it entered into License Agreement No. 651-O1.LIC (the "License") with SeaGen on February 3, 2000. At that time, ASU did grant SeaGen an exclusive license to "ASU's PATENT RIGHTS," a term defined in the License to mean four specific stereoisomers listed in the License:

Auristatin E, Compound No. 1S2R
Auristatin E, Compound No. 1R2R

<u>Auristatin E, Compound No. 1S2S</u>
<u>Auristatin E, Compound No. 1R2S</u>

[License at § 1.2]   The License did not grant SeaGen a right to use all compounds protected by the '483 patent.  Attached as Exhibit A is a true and correct copy of the License.  ASU begs the Court to refer to the License for the terms thereof.  To the extent that the allegations are inconsistent with the License, they are denied.

9.   ASU admits that Auristatin E is a synthetic analogue of Dolastatin 10, a compound that exists in nature.  ASU admits that Dolastatin 10 is effective in killing cancer cells in the laboratory and may be too toxic for use in patients.  ASU denies the remaining allegations in this paragraph.

10.   ASU is one of the most preeminent Dolastatin 10 research facilities in the world.  ASU admits that it has participated in Dolastatin 10 research for over 40 years.  ASU denies the remaining allegations.

11.   ASU is without sufficient information or belief to admit or deny the allegations in this paragraph and, for that reason, denies those allegations.

12.   ASU is without sufficient information or belief to admit or deny the allegations in this paragraph and, for that reason, denies those allegations.

13.   ASU is without sufficient information or belief to admit or deny the allegations in this paragraph and, for that reason, denies those allegations.

14.   ASU admits that SeaGen provided progress reports to ASU.  To the extent the allegations contained in this paragraph are inconsistent with the progress reports, ASU denies the allegation.

15.   ASU admits that SeaGen provided progress reports to ASU.  To the extent the allegations contained in this paragraph are inconsistent with the progress reports, ASU denies the allegation.

16.   ASU admits that SeaGen appears to have attached a true and correct copy of "Development of potent monoclonal antibody auristatin conjugates for cancer therapy"

and ASU is without sufficient information or belief to admit or deny the remaining allegations in this paragraph and, for that reason denies those allegations.

17. ASU admits that SeaGen corresponded with AzTE in 2004 and admits that redacted versions of some of that correspondence were attached to SeaGen's counterclaims. During the course of the communications, AzTE told SG that it "does not acknowledge that the aforementioned compounds are not covered by ASU's patents . . . ." Attached as Exhibit B is an additional communication between ASU and SeaGen in 2004. To the extent the allegations contained in this paragraph are inconsistent with the progress reports, ASU denies the allegation.

18. ASU admits the parties amended the License in 2004 (the "2004 Amendment"), and attaches as Exhibit C a true and correct copy of the exhibit. ASU begs the Court to refer to the 2004 Amendment for the terms thereof. ASU denies the remaining allegations.

19. ASU admits that the 2004 Amendment acknowledges that MMAE is not one of the four stereoisomers defined as "ASU's PATENT RIGHTS." ASU begs the Court to refer to Exhibit C for the terms thereof. To the extent the allegations contained in this paragraph are inconsistent with the 2004 Amendment, ASU denies those allegations and any remaining allegations in this paragraph.

20. ASU admits that SeaGen provided progress reports. To the extent the allegations contained in this paragraph are inconsistent with the progress reports, ASU denies those allegations.

21. ASU begs the Court to refer to Exhibit C for the terms thereof. ASU admits that it and SeaGen acknowledged and agreed that, because MMAE was not one of the stereoisomers licensed to SeaGen under the License, SeaGen would not have any obligation to pay ASU any royalty or milestone payments for use of such stereoisomers under the License. ASU begs the Court to refer to Exhibits B and C for additional information. To the extent the allegations in this paragraph are inconsistent with the 2004 Amendment, ASU denies those allegations.

22. ASU admits that SeaGen obtained FDA approval for ADCETRIS in 2011. ASU is without sufficient information or belief to admit or deny the remaining allegations in this paragraph and, for that reason, denies those allegations.

23. ASU admits that the parties amended the License in 2004, and admits that SeaGen was not obligated to make any royalty or milestone payments under the license agreement for using MMAE. ASU refers the Court to Exhibit C. To the extent the allegations contained in this paragraph are inconsistent with the 2004 Amendment, ASU denies the allegations.

## FIRST COUNTERCLAIM

## Declaratory Judgment of Noninfringement of '483 patent

24. ASU realleges and incorporates by reference paragraphs 1 through 48 of its Complaint and paragraphs 1 through 23 of ASU's Answer to SeaGen's Counterclaims.

25. Admitted.

26. Denied.

27. Denied.

28. ASU is without sufficient information or belief to admit or deny whether Auristatin E is made or released during the lifecycle of ADCETRIS and therefore denies those allegations. ASU is without sufficient information or belief to admit or deny whether Auristatin E is a metabolite of MMAE in the human body and therefore denies those allegations. All remaining allegations in this paragraph are denied.

29. ASU is without sufficient information or belief to admit or deny the allegations contained in this paragraph.

30. Admitted.

31. Denied.

32. Denied.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Invalidity of '483 patent

33. ASU realleges and incorporates by reference paragraphs 1 through 48 of its Complaint and paragraphs 1 through 32 of ASU's Answer to SeaGen's Counterclaims.

34. Admitted.

35. Denied.

36. Denied.

37. Admitted.

38. Denied.

39. Denied

## THIRD COUNTERCLAIM

### Breach of Implied Covenant of Good Faith and Fair Dealing

40. ASU realleges and incorporates by reference paragraphs 1 through 48 of its Complaint and paragraphs 1 through 39 of ASU's Answer to SeaGen's Counterclaims.

41. Admitted

42. Admitted

43. Denied.

44. Denied.

## FOURTH COUNTERCLAIM

### Declaratory Judgment of Exceptional Case

45. ASU realleges and incorporates by reference paragraphs 1 through 48 of its Complaint and paragraphs 1 through 44 of ASU's Answer to SeaGen's Counterclaims.

46. Denied.

47. Denied

48. Denied

49. Denied

50. Denied.

51. Unless specifically admitted, ASU denies all allegations in SeaGen's counterclaims.

### RESPONSE TO COUNTER-PLAINTIFF'S PRAYER FOR RELIEF

ASU denies that SeaGen is entitled to any relief.

### AFFIRMATIVE DEFENSES

#### Breach

52. SeaGen's counterclaim of breach of the implied covenant of good faith and fair dealing is barred because SeaGen breached a settlement agreement.

53. ASU and SeaGen engaged in AAA proceedings initiated on November 7, 2012 by ASU. ASU alleged that SeaGen breached the License and SeaGen counterclaimed that ASU breached the implied covenant of good faith and fair dealing by reneging on the 2004 Amendment.

54. ASU and SeaGen agreed on August 1, 2013 to dismiss all claims against each other with prejudice. Attached as Exhibit D is a true and correct copy of the stipulated agreement.

55. At that time, SeaGen dismissed its claim that ASU breached the implied covenant of good faith and fair dealing by reneging on the 2004 Amendment.

56. In its counterclaim, SeaGen alleges that ASU has breached the covenant of good faith and fair dealing. SeaGen, through its counterclaim, has breached the August 1, 2013 stipulated agreement.

#### Settlement

57. SeaGen's counterclaim of breach of the implied covenant of good faith and fair dealing is barred because SeaGen settled its claim.

58. ASU and SeaGen engaged in AAA proceedings initiated on November 7, 2012 by ASU. ASU alleged that SeaGen breached the License and SeaGen counterclaimed that ASU breached the implied covenant of good faith and fair dealing by reneging on the 2004 Amendment.

1    59.     The parties agreed to settle its dispute on August 1, 2013 and entered a
2  stipulation agreement that memorialized the settlement.

3    60.     SeaGen dismissed its claim of breach of the implied covenant of good faith
4  and fair dealing with prejudice in the August 1, 2013 stipulation.

5    61.     SeaGen alleges in its counterclaim that ASU breached the implied covenant
6  of good faith and fair dealing by reneging on the 2004 Amendment.

### Failure to State a Claim

8    62.     SeaGen's counterclaim seeking a declaratory judgment of invalidity fails to
9  state a claim.

10   63.     SeaGen must plead its claim with "enough facts to state a claim to relief that
11  is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

12   64.     SeaGen's counterclaim does not state any facts supporting its allegations of
13  invalidity and is insufficient to state a claim to relief.  SeaGen alleges with a blanket
14  statement that the '483 patent is invalid and nothing more.

### Failure to State a Claim

16   65.     SeaGen's counterclaim seeking a declaratory judgment that this matter is
17  exceptional fails to state a claim.

18   66.     35 U.S.C. § 285 does not provide a cause of action.  As such, SeaGen
19  cannot possibly win on its fourth counterclaim.

### PRAYER FOR RELIEF

21  WHEREFORE, ASU prays for judgment as follows:

22  A.     Granting ASU all relief sought in its Complaint;

23  B.     Holding that Seattle Genetics, Inc.'s products infringe U.S. Patent No.
24  5,635,483;

25  C.     Holding that U.S. Patent No. 5,635,483 is valid;

26  D.     Holding that ASU did not breach the implied covenant of good faith and fair
27  dealing;

1        E.     Holding that Seattle Genetics has breached the stipulation between ASU and Seattle Genetics;

       F.     Awarding ASU damages to be proven at trial;

       G.     Finding that this case is exceptional under 35 U.S.C. § 285, and awarding ASU reasonably attorneys' fees and costs; and

       H.     All other relief as the Court deems just and proper.

Dated: May 15, 2014                Respectfully submitted,

                                             s/ C. Mark Kittredge
                                             C. Mark Kittredge
                                             K. Reed Willis
                                             **PERKINS COIE LLP**
                                             2901 North Central Avenue, Suite 2000
                                             Phoenix, Arizona 85012-2788

                                             William W. Adolfsen
                                               (*admitted pro hac vice*)
                                             **PERKINS COIE LLP**
                                             One East Main Street, Suite 201
                                             Madison, Wisconsin 53703

                                             Attorneys for Plaintiff
                                             The Arizona Board of Regents for and on
                                             behalf of Arizona State University

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on May 15, 2014, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John E. DeWulf
dewulf@rdp-law.com
Jennifer A. Stevens
jstevens@rdp-law.com
Roshka DeWulf & Patten, PLC
One Arizona Center
400 East Van Buren Street, Suite 800
Phoenix, Arizona  85004

James G. Gilliland, Jr. (*admitted pro hac vice*)
jgilliland@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111

Susan M. Spaeth (*pro hac vice pending*)
sspaeth@kilpatricktownsend.com
Matthew J. Meyer (*pro hac vice pending*)
mmeyer@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1080 Marsh Road
Menlo Park, California  94025

☒ I hereby certify that on May 15, 2014, I served the attached document by hand delivery on Judge Neil V. Wake, United States District Court of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.

s/ Janet Roe

LEGAL120964015.1

-10-