# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| The Arizona Board of Regents for and on behalf of Arizona State University,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>Seattle Genetics, Inc.,<br><br>    Defendant/Counterclaimant. | No. CV-14-00653-PHX-NVW<br><br>**[PROPOSED] ORDER GOVERNING ESI DISCOVERY** |

Pursuant to the parties' Joint Motion and Stipulation, and good cause appearing therefor, it is hereby ordered that discovery of Electronically Stored Information ("ESI") proceed as follows:

1. **Accessible ESI** - Accessible ESI includes active e-mail accounts and archived e-mail accounts (but not backup tapes) currently stored on computer networks or hard drives; shared network drives; and workstation or laptop hard drives reasonably accessible to the party.

2. **Inaccessible ESI** - The parties agree that the circumstances of this case do not warrant the preservation, review, or production of ESI that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. ESI that is not reasonably accessible includes electronic documents created or used by electronic media no longer in regular use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost. Particularly, the parties agree that the following ESI is not reasonably accessible: backup tapes; voicemail; instant messaging; residual, fragmented, damaged, permanently deleted slack and unallocated data; and handheld PDA-type devices. Both parties have email backup tapes, which exist for disaster recovery purposes only. The data on those tapes is not readily accessible. Because each party has no reason to believe these tapes contain any relevant information not obtainable from readily accessible sources, the parties agree that they need not preserve or produce the contents of these tapes in connection with this arbitration.

3. **Litigation Hold**: Each party represents that it has taken reasonable steps to preserve Accessible ESI within the scope of discovery set forth above, including the prompt implementation of a litigation hold.

4. **Shared ESI Sources -** sources that are typically accessed and maintained by multiple individuals (*e.g.*, shared network drives, document management systems, intranets and extranets). Each party will conduct a diligent search of reasonably accessible, Shared ESI Sources in which it has reason to believe relevant ESI responsive to discovery requests

will be found. For example and not by way of limitation, Shared ESI Sources includes the shared network folders in which the work of a ESI Custodian is primarily stored.

    5.    **Personal ESI Sources** – are sources that are typically accessed and maintained by a single individual (*e.g.*, personal network folders, personal email accounts, and personal hard drives). Each party will search the Personal ESI Sources of up to eight particular ESI Custodians.  The parties shall meet-and-confer if there is a dispute over the need to search the Personal ESI Sources of additional ESI Custodians and will only bring such dispute to the Court if an agreement cannot be reached.

    6.    **Collection of E-mail**: General production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, the parties must propound specific email production requests.

    a.  Email production requests shall only be propounded for specific issues, rather than general discovery relating to a product or business.

    b.  Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the asserted patent, the prior art, the accused instrumentalities, and the relevant finances.

    c.  Email production requests shall identify the custodian, search terms, and time frame.

    d.  Each requesting party shall limit its email production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave.

    e.  Each requesting party shall limit its email production requests to a total of ten (10) search terms per Custodian. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and

"system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.

7. **Custodians:** The parties shall meet and confer on the eight ESI Custodians (by name or job title) within fourteen days after entry of this Order or a reasonable time after production of documents.

8. **Search Methodology**: Each party may employ an electronic search to locate relevant electronic documents. The parties shall meet and confer within fourteen days after entry of this Order or a reasonable time after production of documents to reach agreement as to the method of searching. Before meeting and conferring, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of Accessible ESI. To minimize the expense, the parties will endeavor to limit the scope of the electronic searches (*e.g.*, by fields and document types).

9. **Form of Document Production**
   a. Documents responsive to discovery requests that are only available in paper format will be produced as black-and-white, single page, 300 DPI, Group IV TIFF images that can be loaded into popular litigation software packages.
   b. ESI must be produced as: black-and-white, single page, 300 DPI, Group IV TIFF images that can be loaded into popular litigation software packages.
   c. The parties will accommodate reasonable requests for production of specific images in color.
   d. Each TIFF file will be labeled with a production number on the corresponding page and/or as an electronically stamped filename (e.g., BATES000001.TIF). See Section 10 regarding agreements for Bates numbers.
   e. The producing party will provide a document image load file (e.g., IPRO .LFP file and Concordance .DAT file) for each set of page images produced. Data load files shall be provided in Concordance .DAT delimited text format and

        shall contain (1) document breaks indicating the beginning and ending production numbers for each document and (2) the metadata fields identified in Exhibit A.

    f. Extracted text or optical character recognition (OCR) data will be provided as single page text files (.txt) and each text file will be named using its corresponding image file (e.g., BATES000001.TXT).

    g. Documents will be produced on CD-ROM, DVD disks, portable hard drives, or secure electronic transfer such as ftp servers.

    h. Native Files:  Certain types of files, such as Excel files, multimedia files, system, program, and sound files may not be amenable to conversions into anything meaningful in TIFF format. These will be produced in native format. The parties agree that, in the event a party requests that certain information be produced in its native format, the producing party shall confer in good faith with the requesting party to comply with such request. When producing a document in native format, the producing party shall provide a slip sheet containing the original file name of the document.

    10. **Re-Use of Documents from Arbitration** – The parties agree that any pleadings and discovery from the Arbitration (i.e., document production, written discovery and responses thereto, depositions and exhibits, and expert reports or disclosures) may be treated as if already produced within the current litigation without re-production or service thereof.  Accordingly, Section 9 above does not apply to documents from the arbitration.  To avoid confusion between documents from the arbitration and those produced in the current litigation, the parties agree to the following Bates prefixes for any additional documents that are produced in the current litigation: SEA2 (for SeaGen) and ASU (for ASU). Additionally, the parties agree to start the Bates numbering after the last number that was used in the Arbitration.

    See Paragraph 11(a) of the Joint Report of Counsel and Proposed Case Management Plan for additional provisions regarding the handling of documents from the Arbitration.

11.     **Cost of Production**: Each party shall bear its own costs of producing documents in its possession, custody, or control. Costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. A party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

# EXHIBIT A

# TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | DateSent | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| TimeSent | TimeSent | Time | The time the | For email |

- 1 -

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| | | (HR:MN AM/PM format) | email was sent. | attachments, the time the parent email was sent. |
| DateReceived | DateReceived | Date (MM/DD/YYYY format) | The date the email was received. | N/A |
| TimeReceived | TimeReceived | Time (HR:MN AM/PM format) | The time the email was received. | N/A |
| Author/From | Author Display Name (e-mail)/From | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| LastAuthor | LastAuthor | Paragraph | N/A | The name of the last author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| Title | Title | Paragraph | Title of the document. | Title of the document. |
| Filename | Filename | Paragraph | The filename of an email. | The filename of a document. |
| File Extension | File Extension | Paragraph | The file or document | The file or document extension |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| | | | extension of an email. | of a document. |
| FilePath | FilePath | Paragraph | The original mail folder path to the email. | The original file path to the document. |

LEGAL122906167.1